THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>JAE R. YANG and CHONEY YANG,<br>individually and d/b/a TRENDY<br><br>        Defendants. | Case No. |

**COMPLAINT**

NOW COMES Plaintiff Chanel, Inc., by and through its attorneys, and for its Complaint against Defendants states as follows:

**The Parties**

1. Plaintiff Chanel, Inc. ("Chanel"), is a corporation duly organized and existing under the laws of the State of New York, maintaining its principal place of business in New York, New York and doing business throughout this country. Chanel is the owner of the CHANEL® and related trademarks, service marks, and trade names associated with the goods and services that it provides.

2. Defendants Jae R. Yang and Choney Yang are Illinois residents who own and/or control the business Trendy, and do business at 239 Golf Mill Center, Niles, Illinois and 152 Stratford Square Mall, Bloomingdale, Illinois.

**Jurisdiction and Venue**

3. This action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended (the "Lanham Act"), the Illinois Consumer Protection Act, *et seq.*, Illinois Unlawful Trade Practices Act, and the common law of the State of Illinois. This Court has

subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1121, 1125, 1126 and 1116 and supplemental jurisdiction over the state claims stated herein under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendants in that this action arises from their transactions of business within this District, and in that the Defendants are doing business within this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Defendants reside in this district and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## Facts Common to all Counts

### Chanel and the Chanel Marks

6. For many years, Chanel has been engaged in the design, manufacture, import and/or sale of the highest quality luxury articles, including, *inter alia*, jewelry, handbags, watches, keychains, perfume, sunglasses, clothing, and accessories.

7. For many years, Chanel has used the trademark CHANEL and the Chanel trademark monogram comprising two back-to-back interlocking "C"s (the "CC Monogram") (collectively, the "Chanel Trademarks") continuously on, and in connection with, the design, manufacture and/or sale of, *inter alia*, jewelry, handbags, watches, keychains, perfume, sunglasses, clothing, and accessories in interstate and intrastate commerce.

8. The Chanel Trademarks are registered on the Principal Register of the United States Patent and Trademark Office for many types of goods, including the following:

| Trademark | Registration Number |
|---|---|
| CHANEL | 612,169 in International Class 28<br>Registered September 13, 1955 |

|  |  |
|---|---|
|  | 626,035 in International Class 18<br>Registered May 1, 1956 |
|  | 902,190 in International Class 14<br>Registered November 10, 1970 |
|  | 1,241,265 in International Class 25<br>Registered June 7, 1983 |
|  | 1,347,677 in International Classes 18<br>Registered July 9, 1985 |
|  | 1,510,757 in International Class 9<br>Registered November 1, 1988 |
|  | 1,571,787 in International Class 14<br>Registered December 19, 1989 |
|  | 1,733,051 in International Class 18<br>Registered November 17, 1992 |
| CC Monogram | 1,241,264 in International Class 25<br>Registered June 7, 1983 |
|  | 1,314,511 in International Classes 16 & 18<br>Registered January 15, 1985 |
|  | 1,501,898 in International Classes 6, 14, 16, 25 & 26<br>Registered August 30, 1988 |
|  | 1,654,252 in International Class 9<br>Registered August 20, 1991 |

9. Chanel is the owner of the Chanel Trademarks in each of the above registrations. All of these registrations are valid, subsisting, and in full force and effect. In addition, all of these registrations have become incontestable pursuant to 15 U.S.C. § 1065.

10. Chanel maintains strict control over the nature and quality of merchandise bearing the Chanel Trademarks.

11. Merchandise designed, manufactured and/or sold by Chanel and bearing one or more of the Chanel Trademarks (hereinafter "Authorized Merchandise") has been advertised and sold throughout the United States and within the State of Illinois and this District.

12. As a result of Chanel's excellent reputation, extensive advertising and sales, and strict control of the nature and quality of Authorized Merchandise, the Chanel Trademarks have come to be associated by the purchasing public with products of the highest quality, and have become distinctive in the minds of the purchasing public as designating products which originate from, are sponsored by, or are otherwise affiliated with Chanel.

13. For the foregoing reasons, the value of the Chanel Trademarks and business reputation to Chanel is incalculable.

### Facts Related to Defendants' Counterfeiting and Infringing Activities

14. Defendants have attempted to sell, sold, and continue to sell unlicensed and unauthorized, merchandise bearing unauthorized duplications of one or more of the Chanel Trademarks (hereinafter "Counterfeit Merchandise").

15. On numerous occasions, including on January 18, 2009, February 16, 2009 and July 9, 2009, Defendants sold or offered for sale a large number of Counterfeit Chanel Merchandise.

16. Defendants have been served with cease and desist letters notifying them of their unlawful activities. However, Defendant have knowingly and willfully continued to sell and offer to sell Counterfeit Chanel Merchandise.

### Facts Common to all Counts

17. Defendants' distribution, offer for sale, and/or sale of Counterfeit Merchandise was and continues to be without the permission or authority of Chanel. Defendants have not obtained any legitimate license to distribute or sell such Counterfeit Merchandise.

18. Defendants have been and will continue to transact business in this District and elsewhere in interstate commerce, have infringed and will continue to infringe Chanel's rights in

4

the Chanel Trademarks, and have regularly been and will be soliciting and doing business and deriving substantial revenue from goods sold, used, and consumed in this District and elsewhere in interstate commerce, including said Counterfeit Merchandise.

19. Defendants' offering for sale and/or sales of Counterfeit Merchandise is with full knowledge that such acts are without Chanel's authority or consent and are likely to confuse the public into believing there is a connection or association between Chanel and Defendants' Counterfeit Merchandise.

20. Defendants' unlawful activities result in irreparable harm and injury to Chanel in that, among other things, Defendants deprive Chanel of its absolute right to determine the manner in which its image is presented to the public through merchandising; deceive the public as to the origin of Counterfeit Merchandise; falsely represent a sponsorship and/or association between Chanel, Defendants, and their respective Counterfeit Merchandise, wrongfully trade and capitalize upon Chanel's reputation and goodwill and the commercial value of the Chanel Trademarks; and, particularly to the extent that Defendants' Counterfeit Merchandise is of inferior quality, irreparably injure Chanel's goodwill and reputation for manufacturing and selling reputable, high-quality Authorized Merchandise.

## COUNT I
### Federal Trademark Counterfeiting/Infringement

21. Chanel repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

22. Upon information and belief, notwithstanding Chanel's well-known and prior rights in the Chanel Trademarks, Defendants continue to offer for sale and sell Counterfeit Merchandise to the consuming public in direct competition with the sale of Authorized Merchandise, in or affecting interstate commerce.

23. Defendants' use of copies or simulations of the Chanel Trademarks is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of Defendants' Counterfeit Merchandise, and is likely to deceive the public into believing that Counterfeit Merchandise being sold by Defendants originate from, is associated with, and/or is otherwise authorized by Chanel, all to the damage and detriment of Chanel's reputation, goodwill and sales.

24. Defendants' aforesaid actions constitute counterfeiting and willful infringement, in violation of Chanel's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Chanel has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II
### Federal Unfair Competition/False Designation of Origin

26. Chanel repeats and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Counterfeit Merchandise sold by Defendants is of the same general nature and type as Authorized Merchandise sold and/or authorized to be sold by Chanel. Counterfeit Merchandise is so related to and indistinguishable from Authorized Merchandise that

Defendants' use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

28. By misappropriating and using the Chanel Trademarks, Defendants misrepresent and falsely describes to the general public the origin and source of Counterfeit Merchandise and creates a likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such merchandise.

29. Moreover, Defendants' Counterfeit Merchandise is consistently of inferior quality and the sale thereof will be damaging to the goodwill of Chanel as well as the reputation which Chanel have developed in connection with the sale of Authorized Merchandise.

30. Defendants' unlawful, unauthorized and unlicensed offer for sale and/or sale of Counterfeit Merchandise creates the express and implied misrepresentation that his Counterfeit Merchandise was created, authorized, or approved by Chanel.

31. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants use, in connection with goods and services, a false designation of origin and will have caused and will continue to cause said goods to enter into interstate commerce.

32. Chanel has no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

### COUNT III
Illinois Uniform and Deceptive Trade Practices

33. Chanel repeats and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants have harmed Chanel by injuring its business reputation and by passing off Counterfeit Merchandise bearing unauthorized reproductions of the Chanel Trademarks as a substitute for Authorized Merchandise offered by Chanel.

35. Defendants' conduct is likely to deceive the public into believing that their Counterfeit Merchandise originates from or is otherwise authorized by or sponsored by Chanel.

36. Defendants' conduct constitutes deceptive trade practices, in violation of the Illinois Uniform and Deceptive Trade Practice Act, 815 ILCS § 510/107.

37. As a result of the aforesaid acts by Defendants, Chanel has suffered and continues to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

38. Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to cause damage and irreparable injury to Chanel, the Chanel Trademarks, and the general public.

39. Chanel has no adequate remedy at law.

## COUNT IV
### Illinois Unfair and Deceptive Business Practices

40. Chanel repeats and realleges paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Defendants have injured Chanel by willfully and intentionally passing off their Counterfeit Merchandise bearing unauthorized reproductions of the Chanel Trademarks as Authorized Merchandise and by willfully and intentionally causing a likelihood of confusion or misunderstanding among the relevant public as to the source of Defendants' Counterfeit Merchandise.

8

42. Defendants' conduct constitutes deceptive and unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS §§ 505 1-12.

43. As a result of the aforesaid acts by Defendants, Chanel has suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

44. Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to harm irreparably Chanel, the Chanel Trademarks, and the general public.

45. Chanel has no adequate remedy at law.

### COUNT V
### Common Law Trademark Infringement

46. Chanel repeats and realleges paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Defendants have injured Chanel by using the Chanel Trademarks unlawfully and by causing a likelihood of confusion or misunderstanding among the relevant public as to the source of origin of Defendants' Counterfeit Merchandise.

48. Defendants' conduct constitutes trademark infringement under the common law of the State of Illinois.

49. As a result of the aforesaid acts by Defendants, Chanel has suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

50. Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to harm irreparably Chanel, the Chanel Trademarks, and the general public.

51. Chanel has no adequate remedy at law.

## COUNT VI
### Common Law Unfair Competition

52. Chanel repeats and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Defendants have harmed Chanel by injuring its business reputation and by passing off Counterfeit Merchandise bearing unauthorized reproductions of the Chanel Trademarks as a substitute for Authorized Merchandise offered by Chanel.

54. Defendants' conduct is likely to deceive the public into believing that its Counterfeit Merchandise originates from or is otherwise authorized by or sponsored by Chanel.

55. Defendants' conduct constitutes unfair competition under the common law of the State of Illinois.

56. As a result of the aforesaid acts by Defendants, Chanel has suffered and continue to suffer substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

57. Unless Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to cause damage and irreparable injury to Chanel, the Chanel Trademarks, and the general public.

58. Chanel has no adequate remedy at law.

**WHEREFORE**, Chanel respectfully pray that this Court:

I.    Issue a temporary restraining order, and/or a preliminary injunction:

    (a)    Restraining, enjoining and prohibiting Defendants, their respective agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with any Defendants or on any Defendants' behalf, from:

        (1)    Manufacturing, distributing, offering for sale, selling or advertising any and all unauthorized merchandise including, but not limited to: handbags, scarves, sunglasses and clothing, bearing one or more of the Chanel Trademarks; or

        (2)    Representing that any unauthorized article distributed, sold, held for sale, or advertised by any Defendants are sponsored by or authorized by Chanel by use of copies or simulations of the Chanel Trademarks or otherwise; and

    (b)    Requiring each Defendant to turn over to Chanel any and all unauthorized merchandise bearing one or more of the Chanel Trademarks in the possession, custody, or control of such Defendant, their respective agents, servants, employees, attorneys, successors, assigns and customers, or any person, firm, or corporation acting in concert or participation with any Defendant or on any Defendants' behalf.

II.    After a hearing on the merits, issue a Permanent Injunction prohibiting Defendants from selling or attempting to sell merchandise described in subdivision I above and ordering such merchandise to be turned over to Chanel and destroyed, wherever found.

III.    After a hearing on the merits, grant Chanel an award of actual or maximum statutory damages as Chanel's election against Defendants, which should be trebled pursuant to the provisions of the Trademark Counterfeiting Act the Lanham Act, and/or Illinois Statutory and/or common law and grant Chanel's costs and attorneys' fees associated with pursuing this action and prejudgment interest against Defendants.

IV.    Grant Chanel such other and further relief as this Court deems to be reasonable, necessary, and just.

Dated: September 17, 2009    SEYFARTH SHAW LLP

By:   s/ Bart A. Lazar_____
      One of the Attorneys for the Plaintiff
      CHANEL, INC.

Bart A. Lazar, Esq.
Matthew Werber, Esq.
**SEYFARTH SHAW LLP**
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Plaintiff
Chanel, Inc.

CH1 11808398.1